UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAAS EL,<br><br>                Plaintiff,<br><br>     v.<br><br>CUSTODY ASSISTANT SOTO,<br><br>                Defendant. | Case No. CV 18-5397 -ODW(JC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.    BACKGROUND AND SUMMARY

On June 15, 2018, plaintiff Lamaas El, who is in custody, is proceeding *pro se*, and has been granted leave to proceed without prepayment of the full filing fee ("IFP"), filed a Civil Rights Complaint ("Complaint") suing a single defendant – Custody Assistant Soto – based on events which occurred at the Los Angeles County Men's Central Jail ("LA Jail") on April 16, 2017, when plaintiff was a pretrial detainee.[1] (Complaint at 1-3, 5, 11-14). The Court liberally construes the Complaint to sue the defendant in both his individual and official capacities and to seek monetary relief under 42 U.S.C. § 1983 ("Section 1983"), predicated upon defendant Soto's alleged use of excessive force against plaintiff and alleged failure

---

[1] As the pages of the Complaint are not sequentially numbered, the Court refers to pages as they are numbered on the docket in the Court's CM/ECF System.

to protect him in violation of the Fourteenth Amendment.[2] (Complaint at 5-6, 11-14).

As the Complaint is deficient in multiple respects, including those detailed below, it is dismissed with leave to amend.

## II. THE COMPLAINT

The Complaint, construed liberally, alleges the following:

On April 16, 2017, plaintiff was a pretrial detainee at the LA Jail, and was assigned to module 2500, on "Charlie" or "C" row, cell 17. (Complaint at 11-12, ¶¶ 3, 6). There are two barlocks on Charlie row – one which controls the opening and closing of cells 1-14 (the "first bar"); the other which controls the opening and closing of cells 15-26 (the "second bar"). (Complaint at 12, ¶ 6).

Defendant Soto, a Custody Assistant assigned to module 2500, was on duty that day. (Complaint at 11, ¶¶ 4, 5). He "is and should be aware of how to operate the barlocks" without the occurrence of an injury to inmates and has a duty to keep inmates protected from unreasonable risk. (Complaint at 12, ¶ 7).

At approximately 8:00 a.m. on April 16, 2017, "pill call" was announced over the loudspeaker. (Complaint at 11, ¶ 5). As plaintiff was then prescribed medication, he was required to be present at pill call to take his medication. (Complaint at 11, ¶ 5). Defendant Soto used the first bar to open cells 1-14, and then utilized the second bar to open cells 15-26. (Complaint at 12, ¶ 8). As plaintiff was attempting to exit his cell and stepping through the space left by the open cell door, defendant Soto – using the wrong barlock – closed the cells and effectively shut plaintiff's cell door on plaintiff's body, causing plaintiff to be stuck and gripped in the doorway and to suffer excruciating pain. (Complaint at 12, ¶ 8). Plaintiff yelled to defendant Soto and pleaded with him to open the door.

---

[2]At page 3, the Complaint reflects that plaintiff sues the defendant in his individual capacity only, whereas at page 14, it reflects that he sues the defendant in his official capacity.

(Complaint at 11, ¶¶ 9-10). Plaintiff was forced to snatch his body out of the door's vise grip on him. (Complaint at 12, ¶¶ 9-10).

Plaintiff then limped down Charlie row to inform defendant Soto that plaintiff needed medical attention from being smashed in the gate. (Complaint at 12-13, ¶ 11).[3] When plaintiff reached defendant Soto, the defendant was still trying to operate the barlock as if he did not know how to do so; he was continuously opening and closing the different bars. (Complaint at 13, ¶ 11). While defendant Soto was still trying to operate the barlock, plaintiff told him what had occurred, stating: "As soon as you opened up the cell door, you immeadiatly [sic] closed it, with me stepping through it. I hollard [sic] for you to open the bar, and you acted like you didn't hear me. You need to pay closer attention to what your [sic] doing." (Complaint at 13, ¶ 12). Defendant Soto responded: "You need to mind your own business and go back to your cell inmate." (Complaint at 13, ¶ 12). Plaintiff told defendant Soto that plaintiff was "going to write [Soto] up." (Complaint at 13, ¶ 12). Defendant Soto proceeded to tell plaintiff how to spell Soto's name. (Complaint at 13, ¶ 12). Plaintiff filled out a grievance form and put it in the designated box for grievances in module 2500. (Complaint at 13, ¶¶ 12-13).

Plaintiff then proceeded to the pill call line where he asked the deputy assigned to pill call for medical attention for his injuries and to speak to a Sergeant. (Complaint at 13, ¶ 13). Plaintiff then told a Sergeant what had occurred. (Complaint at 13-14, ¶¶ 13-14). The Sergeant directed the pill line deputy to investigate and write an incident report. (Complaint at 14, ¶ 14).

///

---

[3] The Complaint does not allege that plaintiff actually advised defendant Soto that he was injured and needed medical care and it appears, in any event, that plaintiff promptly received medical care. Accordingly, the Court does not construe the Complaint to attempt to state a denial of medical care claim.

Plaintiff was thereafter taken to be seen by the medical department, which also generated an incident report. (Complaint at 14, ¶ 14). Plaintiff sustained injuries to the upper and lower left side of his back and to his left knee. (Complaint at 14, ¶ 14). Plaintiff's treatment and chronic pain management is ongoing. (Complaint at 14, ¶ 14).

Plaintiff contends that defendant Soto's aforementioned conduct constitutes "cruel and unusual punishment" in violation of the "14th Amendment Against a Pretrial Detainee." (Complaint at 5).

## III. LEGAL STANDARDS

### A. The Screening Requirement

As plaintiff is a prisoner proceeding IFP on a civil rights complaint against governmental defendants, the Court must screen the Complaint, and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c). Byrd v. Phoenix Police Department, 885 F.3d 639, 641 (9th Cir. 2018) (citations omitted).

When screening a complaint to determine whether it states any claim that is viable (*i.e.*, capable of succeeding), the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide *both* "fair notice" of the particular claim being asserted *and* "the grounds upon which [that claim] rests."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing id. at 555).  In addition, under Rule 10 of the Federal Rules of Civil Procedure, a complaint, must (1) state the names of "all the parties" in the caption; (2) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances"; and (3) where "doing so would promote clarity," state "each claim founded on a separate transaction or occurrence . . . in a separate count. . . ."  Fed. R. Civ. P. 10(a), (b).

To avoid dismissal on screening, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Byrd, 885 F.3d at 642 (citations omitted); see also Johnson v. City of Shelby, Mississippi, 135 S. Ct. 346, 347 (2014) (per curiam) (Twombly and Iqbal instruct that plaintiff "must plead facts sufficient to show that [plaintiff's] claim has substantive plausibility").  A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  Iqbal, 556 U.S. at 678 (citation omitted); see also Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (complaint "must allege the basis of [plaintiff's] claim against *each* defendant" to satisfy Rule 8 pleading requirements) (emphasis added); Chappell v. Newbarth, 2009 WL 1211372, *3 (E.D. Cal. May 1, 2009) ("[A] complaint must put each defendant on notice of Plaintiff's claims against him or her, and their factual basis.") (citing Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)).  Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a

///

5

claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).

At this preliminary stage, "well-pleaded factual allegations" in a complaint are assumed true, while "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as a factual allegation" are not. Id. (citation and quotation marks omitted); Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) ("mere legal conclusions 'are not entitled to the assumption of truth'") (quoting id.), cert. denied, 135 S. Ct. 980 (2015).

In general, civil rights complaints are interpreted liberally in order to give *pro se* plaintiffs "the benefit of any doubt." Byrd, 885 F.3d at 642 (citations and internal quotation marks omitted). Nonetheless, a *pro se* plaintiff must still follow the rules of procedure that govern all litigants in federal court, including the Rule 8 requirement that a complaint minimally state a short and plain statement of a claim that is plausible on its face. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (citation omitted), cert. denied, 516 U.S. 838 (1995); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954 (9th Cir. 2011) (en banc) ("[A] liberal interpretation of a . . . civil rights complaint may not supply essential elements of [a] claim that were not initially pled.") (quoting Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992)) (quotation marks omitted; ellipses in original).

If a *pro se* complaint is dismissed because it does not state a claim, the court must freely grant "leave to amend" (that is, give the plaintiff a chance to file a new, corrected complaint) if it is "at all possible" that the plaintiff could fix the identified pleading errors by alleging different or new facts. Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citations and internal quotation marks omitted).

**B.      Section 1983 Claims**

To state a claim under Section 1983, a plaintiff must plead that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's rights created by federal law. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).

An individual "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [the individual] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [individual] knows or reasonably should know would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978) (citations omitted). Allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

An official-capacity suit is essentially a suit against the government entity itself, not the government employee personally. Kentucky v. Graham, 473 U.S. 159, 166 (1985). A local government cannot be held liable under Section 1983 solely because it employs a tortfeasor. Monell v. New York City Department of Social Services, 436 U.S. 658, 692 (1978). The entity may be held liable only where actions taken pursuant to an official government "policy" caused an alleged constitutional deprivation. Connick v. Thompson, 563 U.S. 51, 60-61 (2011) (citing Monell, 436 U.S. at 692). Thus, a government entity may not be held liable under Section 1983 if no injury or constitutional violation occurred in the first instance. Jackson v. City of Bremerton, 268 F.3d 646, 653-54 (9th Cir. 2001) (citations omitted); Quintanilla v. City of Downey, 84 F.3d 353, 355 (9th Cir. 1997), cert. denied, 519 U.S. 1122 (1997).

**C. Pretrial Detainees**

A criminal suspect lawfully detained pending trial (*i.e.*, a "pretrial detainee") may not be subjected to restrictions and/or conditions of confinement that violate an express constitutional guarantee, or that amount to "punishment" under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979) (citations omitted); Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir.) ("[S]tate pre-trial detainees [] are protected by the Fourteenth Amendment's Due Process Clause, . . . .") (citing id. at 535-37), cert. denied, 555 U.S. 1031 (2008).

A pretrial detainee's excessive force claim arises under the Fourteenth Amendment and a pretrial detainee must show (1) the defendant purposely and knowingly used force against him; and (2) the force used was objectively unreasonable. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." Id. at 2472 (quoting County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)) (emphasis in Kingsley).

A pretrial detainee's failure to protect claim also arises under the Fourteenth Amendment and has the following elements: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;[4] (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even

---

[4] "[I]f a [failure to protect] claim relates to inadequate monitoring of the cell, the inquiry would be whether the officer chose the monitoring practices rather than, for example, having just suffered an accident or sudden illness that rendered him unconscious and thus unable to monitor the cell. As the Supreme Court in *Kingsley* explained, 'if an officer's Taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing him harm, the pretrial detainee cannot prevail on an excessive force claim,' because the first state-of-mind factor would not be satisfied. Similarly, that factor would not be satisfied in the failure-to-protect context if the officer's inaction resulted from something totally unintentional." Castro v. County of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) (quoting Kingsley, 135 S. Ct. at 2472; internal citation to Kingsley omitted), cert. denied, 137 S. Ct. 881 (2017).

though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 831 (2017). With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case. Kingsley, 135 S. Ct. at 2473 (citation and internal quotation marks omitted); Castro, 833 F.3d at 1071 (citations, internal brackets and internal quotation marks omitted). A plaintiff must prove more than negligence but less than subjective intent – something akin to reckless disregard. Castro, 833 F.3d at 1071. The mere lack of due care is insufficient. Castro, 833 F.3d at 1071 (citation and internal quotation marks omitted).

### IV. DISCUSSION

Here, the Complaint – which, as noted above, the Court has liberally construed to attempt to state a Section 1983 claim predicated on defendant's Soto's use of excessive force against and failure to protect plaintiff – is deficient in multiple respects, including those discussed below.

First, to the extent plaintiff alleges that defendant's above-referenced actions while plaintiff was a pretrial detainee constituted "cruel and unusual punishment," he improperly invokes the Eighth Amendment which applies only to convicted inmates, not pretrial detainees. See Graham v. Connor, 490 U.S. 386, 392 n.6 (1989) (the Eighth Amendment's prohibition against cruel and unusual punishment applies only after conviction and sentence). Claims that pretrial detainees were subjected to excessive force and not adequately protected arise under the Fourteenth Amendment Due Process Clause, not the Eighth Amendment. See Kingsley, 135 S. Ct. at 2473 (excessive force); Graham, 490 U.S. at 395 n.10 (excessive force); Castro, 833 F.3d at 1069-70 (excessive force and failure to

protect).

Second, plaintiff does not currently state a viable Section 1983 individual capacity claim against defendant Soto predicated on such defendant's use of excessive force against plaintiff because the Complaint does not plausibly allege that defendant Soto purposely and knowingly used force against him. Indeed, the Complaint suggests that defendant Soto accidentally closed the cell door because he was having difficulty properly operating the barlocks and that he *negligently* inflicted harm on plaintiff. As noted above, negligence is insufficient to establish a violation of the Due Process Clause. Kingsley, 135 S. Ct at 2472.

Third, plaintiff does not currently state a viable Section 1983 individual capacity claim against defendant Soto predicated on such defendant's failure to protect plaintiff as again, the Complaint does not plausibly allege that defendant Soto was anything other than negligent in operating the barlocks and inadvertently trapping plaintiff with the cell door. Negligence – that is, the mere lack of due care – is insufficient to establish a violation of the Due Process Clause. Castro, 833 F.3d at 1071. Plaintiff does not allege, for example, whether defendant Soto called out or otherwise warned inmates that the doors would be closing or attempted to confirm that the doorways were clear, whether defendant Soto was in a position to/had the ability to view/monitor the cell doors when operating the barlocks, whether defendant Soto was within ear shot when plaintiff yelled out, or whether defendant Soto was even aware that plaintiff had been caught in the door before plaintiff extracted himself and walked down Charlie row to inform defendant Soto of the same.

Finally, since, as noted above, plaintiff has not plausibly alleged any constitutional violation by defendant Soto (or any other specific government actor), the Complaint fails to state a Section 1983 claim against defendant Soto in his official capacity, or against the real party in interest, his employer Los Angeles County. Cf. Jackson v. Bremerton, 268 F.3d at 653-54 ("Neither a municipality

nor a supervisor . . . can be held liable under § 1983 where no injury or constitutional violation has occurred."); see also Quintanilla, 84 F.3d at 355 (municipality not liable under Section 1983 for acts committed pursuant to municipal policy or custom unless plaintiff shows the individual actors actually violated his constitutional rights).

## V. ORDERS

In light of the foregoing, IT IS HEREBY ORDERED:

1. The Complaint is dismissed with leave to amend. If plaintiff intends to pursue this matter, he shall file a First Amended Complaint within twenty (20) days of the date of this Order which cures the pleading defects set forth herein.[5] The Clerk is directed to provide plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a First Amended Complaint if he elects to proceed in that fashion.

2. If plaintiff does not intend to proceed with this action, he shall sign and return the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.

**3. Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely to file a First Amended Complaint or Notice of Dismissal, may be deemed plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth above, on the ground that amendment is futile, for failure**

---

[5]Any First Amended Complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint – i.e., it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) set forth clearly the sequence of events giving rise to the claim(s) for relief; (f) allege specifically what the defendant did and how that individual's conduct specifically violated plaintiff's civil rights; and (g) not add defendants or claims without leave of court, cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (civil rights plaintiff may not file "buckshot" complaints – i.e., a pleading that alleges unrelated violations against different defendants).

11

**diligently to prosecute and/or for failure to comply with the Court's Order.**

IT IS SO ORDERED.

DATED: _June 28, 2018

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Attachments